UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HATTIE BRICE,

    Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,
and STUDENT ASSISTANCE
CORPORATION,

    Defendants.
_____/

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Hattie Brice, by and through the undersigned counsel, and sues Defendants, NAVIENT SOLUTIONS, LLC, and STUDENT ASSISTANCE CORPORATION, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Defendants from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Gwinnett County, Georgia. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Georgia, residing in Gwinnett County, Georgia.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, NAVIENT SOLUTIONS, LLC, is a corporation with its principal place of business located at 2001 Edmund Halley Drive, Reston, Virginia 20191, and which conducts business in the State of Georgia through its registered agent, Corporation Service Company, located at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

11. Defendant, STUDENT ASSISTANCE CORPORATION, is a corporation with its principal place of business located in Delaware and which conducts business through its registered agent, Corporation Service Company, located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

12. Defendants collectively called Plaintiff approximately one hundred (100) times in an attempt to collect a student loan debt.

13. Upon information and belief, some or all of the calls Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers

as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiff will testify that she knew it was an auto-dialer because of the vast number of calls she received and also that she received pre-recorded messages from the Defendants.

14. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (770) ***-4585 and was the called party and recipient of Defendants' calls.

15. Defendants placed an exorbitant number of automated calls to Plaintiff's cellular telephone (770) ***-4585 in an attempt to collect on a student loan.

16. On or about April 20, 2016, Plaintiff was injured in an accident. As a result of that injury, she fell behind on her student loan payments. Since that accident the Plaintiff repeatedly advised both Defendants that she was not working, could not afford to pay, and to "stop calling" her cellular telephone number.

17. Each subsequent call Defendants made to Plaintiff's cellular telephone number was done so without the "express consent" of the Plaintiff.

18. Each subsequent call Defendants made to Plaintiff's cellular telephone number was knowing and willful.

19. Defendants each have a corporate policy to use an automatic telephone dialing system and pre-recorded messages to contact individuals just as they did to Plaintiff's cellular telephone in this case.

20. Defendants each have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or either Defendant to remove the Plaintiff's cellular telephone number.

21. Defendants' corporate policies are structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to both Defendants they do not wish to be called.

22. Defendants each have numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

23. Defendants each have numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

24. Defendants each have had numerous complaints against it from consumers across the country asking to not be called, however both Defendants continue to call these individuals.

25. Defendants' corporate policy provided no reasonable means for Plaintiff to have Plaintiff's cellular telephone number removed from either Defendants' call lists.

26. Defendants each have a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

27. Not one of either Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

28. Defendants each willfully and/or knowingly violated the TCPA with respect to Plaintiff.

29. From each and every call placed without express consent by both Defendants to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

30. From each and every call without express consent placed by both Defendants to Plaintiff's cellular telephone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular telephone by unwelcome calls, making the cellular telephone unavailable for legitimate callers or outgoing calls while the cellular telephone was ringing from both Defendants' calls.

31. From each and every call placed without express consent by both Defendants to Plaintiff's cellular telephone, Plaintiff suffered the injury of

unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the cellular telephone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

32. Each and every call placed without express consent by both Defendants to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the cellular telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

33. Each and every call placed without express consent by both Defendants to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

34. Each and every call placed without express consent by both Defendants to Plaintiff's cellular telephone where a voice message was left which occupied space in Plaintiff's cellular telephone or network.

35. Each and every call placed without express consent by both Defendants to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular telephone and her cellular telephone services.

36. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress and aggravation.

## COUNT I
**(Violation of the TCPA by Navient Solutions, LLC)**

37. Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-six (36) as if fully set forth herein.

38. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop.

39. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-

recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Solutions, LLC, for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the TCPA by Student Assistance Corporation)

37. Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-six (36) as if fully set forth herein.

38. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop.

39. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Student Assistance Corporation for statutory

damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

          Respectfully submitted,

          */s/Octavio Gomez*
          Octavio "Tav" Gomez, Esquire
          Georgia Bar #: 617963
          Morgan & Morgan, Tampa, P.A.
          201 North Franklin Street, 7th Floor
          Tampa, FL 33602
          Telephone: (813) 223-5505
          Facsimile:  (813) 223-5402
          tgomez@forthepeople.com
          fkerney@forthepeople.com
          jkneeland@forthepeople.com
          snazario@forthepeople.com
          *Counsel for Plaintiff*